IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ADRIENNE MOSS, as Administrator of the Estate of Montrell Moss, deceased, and SHIMEKA ROBINSON,<br><br>        Plaintiff,<br><br>v.<br><br>OFFICER EDGAR SINGLETON, JR., TOM DART, as Sheriff of Cook County and COUNTY OF COOK,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)   No. 14-CV-06424<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**<u>FIRST AMENDED COMPLAINT AT LAW</u>**

NOW COMES the plaintiff ADRIENNE MOSS, as Independent Administrator of the Estate of Montrell Moss, deceased, and the plaintiff SHIMEKA ROBINSON, by and through their counsel, JONATHAN P. REMIJAS and KEVIN SMITH of SMITH SERSIC, P.C., and complaining against the defendants EDGAR SINGLETON, JR., TOM DART, as Sheriff of Cook County, and COUNTY OF COOK, states as follows:

**<u>COUNT I – WRONGFUL DEATH AGAINST<br>EDGAR SINGLETON, JR.</u>**

1. Plaintiff ADRIENNE MOSS is the mother and duly appointed Administrator of the Estate of Montrell Moss, deceased, (hereinafter referred to as "the Plaintiff's decedent MOSS" or "MOSS") (per Probate Division order dated July 22, 2014) and at all times relevant hereto was a citizen of the United States and a resident of the County of Cook, State of Illinois. On and before August 8, 2013, the Plaintiff's decedent Montrell Moss was a resident of the County of Cook, State of Illinois.

1

2. On August 8, 2013, Plaintiff SHIMEKA ROBINSON (hereinafter "ROBINSON") was a resident of the Count of Cook, State of Illinois.

3. On and prior to August 8, 2013, and on information and belief, defendant EDGAR SINGLETON, JR. was employed as an officer by the Cook County Department of Corrections and as such, was a citizen of the United States and a resident of the County Cook, State of Illinois. Further, as a sworn officer of the Cook County Sheriff's Office's Department of Corrections and based upon his employment status, defendant EDGAR SINGLETON, JR. had the authority to carry his Sheriff-issued firearm, namely a Glock semi-automatic pistol, outside in public, in Cook County and across state lines and he had the authority to utilize that firearm if the need arose in the enforcement of the law and to act and protect the public from threats to their safety.

4. On and prior to August 8, 2013, the Cook County Department of Corrections is and was at all times operated by Defendant TOM DART, as Sheriff of Cook County, and as such defendant Edgar Singleton, Jr. was an employee of Defendant TOM DART. TOM DART, as Sheriff of Cook County, is sued solely in his official capacity.

5. The Defendant COUNTY OF COOK is a municipal corporations duly organized, existing and doing business under the laws of the State of Illinois and at all times relevant hereto has financial responsibility for the obligations of defendant TOM DART and his officers, including but not limited to the Defendant EDGAR SINGLETON, JR.; the COUNTY OF COOK is a defendant herein in its capacity as indemnitor of Defendant TOM DART and Defendant EDGAR SINGLETON, JR.

6. At all times relevant hereto, the Defendants, including defendant EDGAR

SINGLETON, JR., were acting under color of law, ordinance and statute.

7. On August 8, 2013, at approximately 8:00 p.m., Plaintiff's decent MOSS operated an automobile in the vicinity of the 1000 block of Indianapolis Boulevard with the Plaintiff ROBINSON in the passenger seat of the his vehicle.

8. On August 8, 2013, at approximately 8:00 p.m., defendant EDGAR SINGLETON, JR., operated an automobile in the vicinity of the 1000 block of Indianapolis Boulevard in the same direction of travel as the Moss vehicle.

9. At that aforesaid time and place, defendant EDGAR SINGLETON, JR. was wearing the uniform of the Cook County Sheriff's Office Department of Corrections and had his Cook County Sheriff's Office-issued sidearm ("Sheriff-issued sidearm") on his person in a right hip holster.

10. At the aforesaid time and place, defendant EDGAR SINGLETON, JR. drove his vehicle in front of the Moss vehicle and soon thereafter, defendant EDGAR SINGLETON, JR. and the Plaintiff's decedent MOSS exchanged words through the open windows of their vehicles while both were stopped at a stop light.

11. At the aforesaid place and time, the Plaintiff's decedent MOSS perceived Defendant EDGAR SINGLETON, JR. to be a police officer and shouted the phrase "bitch ass officer" in his direction as the two exchanged words and gestures.

12. At the aforesaid place and time and at all times when he was wearing his Sheriff's issued uniform and carrying his Sheriff's issued sidearm, the Defendant EDGAR SINGLETON, JR. acted as if he was and by appearance was a police/sheriff's officer in his attempts to confront the actions and inactions of the Plaintiff's decedent MOSS; specifically Defendant EDGAR

3

SINGLETON, JR.'s perception that the MOSS vehicle had been driven erratically and cut into his lane of travel.

13. At the aforesaid time and place and after the two exchanged words while stopped, defendant EDGAR SINGLETON, JR. perceived that the Plaintiff's decedent was a threat to his own safety and that of the general public he was sworn to protect; so, while acting to enforce the law, he drew his Sheriff-issued sidearm and fired a single shot from his Sheriff's- issued sidearm at Plaintiff MOSS and the other Plaintiff ROBINSON. After firing that single shot, defendant EDGAR SINGLETON, JR. again pointed his weapon in the direction of the now wounded Moss and Robinson, but, on information and belief, did not fire again.

14. At the aforesaid time and place, the Plaintiff's decedent MOSS was struck in the neck by the single shot fired by defendant EDGAR SINGLETON, JR. from his Sheriff-issued pistol and thereafter died from said wounds, after experiencing significant pain and suffering.

15. At the aforesaid time and place and at all times relevant hereto, neither the Plaintiff MOSS nor Plaintiff ROBINSON possessed a gun; nor were they otherwise armed in any manner with a weapon.

16. At the aforesaid time and place and at all times relevant hereto, despite Defendant EDGAR SINGLETON, JR.'s perceptions, neither the Plaintiff MOSS nor Plaintiff ROBINSON committed a crime nor posed a real threat of harm to the safety of the defendant EDGAR SINGLETON, JR. or to the public-at-large.

17. There was no lawful cause or justification for the use of lethal force against the Plaintiff MOSS while Plaintiff ROBINSON was seated within inches of MOSS on August 8, 2013.

18. At all relevant times, it was the duty of the defendant EDGAR SINGLETON, JR., as an agent, servant, officer and employee of the defendant TOM DART and under his authority, when wearing his Cook County Sheriff's Office uniform and carrying his Sheriff-issued, official sidearm in public, to refrain from reckless conduct and from exhibiting a conscious disregard for the safety of others, including the Plaintiff's decedent Montrell Moss and the plaintiff Shimeka Robinson.

19. Notwithstanding said duty, Defendant EDGAR SINGLETON, JR., committed one or more of the following willful and wanton acts and/or omissions:

    (a) Used deadly force against Montrell Moss under circumstances in which Montrell Moss presented no threat of death to him or any other individual;

    (b) Used deadly force against Montrell Moss under circumstances in which Montrell Moss presented no threat of serious harm to him or any other individual;

    (c) Discharged his Sheriff-issued firearm at Montrell Moss under circumstances in which Montrell Moss presented no threat of death to him or any other individual;

    (d) Discharged his Sheriff-issued firearm at Montrell Moss under circumstances in which Montrell Moss presented no threat of serious harm to him or any other individual;

    (e) Fired his Sheriff-issued weapon recklessly or intentionally discharged a Sheriff-issued firearm at Montrell Moss knowing that it would cause Montrell Moss's death or serious bodily harm without any justification for such use of deadly force.

20. As a direct and proximate result of one or more of the following aforementioned acts and/or omissions by the Defendant EDGAR SINGLETON, JR., the Plaintiff MOSS died.

21. Montrell Moss is survived by his mother Adrienne Moss, his sister Shanae Moss, his half-sister Brianna Moss, his half-brother Rashaad Essex (a minor, DOB: 06/28/99). On information and belief, Montrell Moss is also survived by his birth father Dexter Yarbough, but

said individual has had no contact with the Moss family for over ten years and his current whereabouts are unknown.

22. As a direct and proximate cause of the death of Montrell Moss, his mother and siblings have suffered substantial grief, great losses of personal and pecuniary nature and have been deprived of the society, companionship, friendship, comfort, guidance, love and affection of a daughter and brother.

23. The plaintiff ADRIENNE MOSS, as Independent Administrator of the Estate of Montrell Moss, deceased, brings this action pursuant to 740 ILCS 180/1, et seq., commonly known as the Wrongful Death Act of the State of Illinois. In the alternative, plaintiff brings this action under the Indiana Wrongful Death Act, Indiana Code 34-23-1-1 and/or the Indiana adult wrongful death statute, Indiana Code 34-23-1-2.

WHEREFORE, the plaintiff ADRIENNE MOSS, as Administrator of the Estate of Montrell Moss, deceased, by and through her counsel, JONATHAN P. REMIJAS, demands judgment against the defendant EDGAR SINGLETON, JR., in an amount in excess of the jurisdictional limit of the District Court of the Northern District of Illinois, Eastern Division, plus costs.

## COUNT II – SURVIVAL ACTION AGAINST EDGAR SINGLETON, JR.

1. - 19. Plaintiff MOSS re-alleges and incorporates by reference paragraphs 1 through 19 of Count I of this First Amended Complaint as paragraphs 1 through 19 of Count II of this First Amended Complaint, as if fully set forth herein.

20. As a further direct and proximate result of one or more of the following aforementioned acts and/or omissions by the Defendant EDGAR SINGLETON, JR., Plaintiff's

6

decedent Montrell Moss suffered great conscious pain suffering prior to dying from the gunshot wounds caused by Defendant, subjecting said defendant to liability for said damages pursuant to the Illinois Survival Act, 755 ILCS 5/27-6. In the alternative, said defendant is subjected to liability under the Indiana Survival Act, Indiana Code 34-9-3-1 et. seq.

WHEREFORE, the plaintiffs ADRIENNE MOSS, as Administrator of the Estate of Montrell Moss, deceased, by and through counsel, demands judgment against the defendant EDGAR SINGLETON, JR., in an amount in excess of the jurisdiction District Court of the Northern District of Illinois, Eastern Division, plus costs.

## COUNT III – NEGLIGENCE AGAINST EDGAR SINGLETON, JR.

1. - 19. Plaintiff SHIMEKA ROBINSON re-alleges and incorporates by reference paragraphs 1 through 19 of Count I of this First Amended Complaint as paragraphs 1 through 19 of Count III of this First Amended Complaint, as if fully set forth herein.

20. As a further direct and proximate result of one or more of the following aforementioned acts and/or omissions by the Defendant EDGAR SINGLETON, JR., the Plaintiff ROBINSON was placed within the zone of danger created by the Defendant EDGAR SINGLETON, JR.'s actions and/or omissions and did then and thereafter sustain a significant impact and significant emotional distress and personal injury as a result.

WHEREFORE, the plaintiff SHIMEKA ROBINSON, by and through her counsel, demands judgment against the defendant EDGAR SINGLETON, JR., in an amount in excess of the jurisdiction of the District Court of the Northern District of Illinois, Eastern Division, plus costs.

## COUNT IV – WRONGFUL DEATH AGAINST
## TOM DART, AS SHERIFF OF COOK COUNTY

1. - 20.  Plaintiffs MOSS re-alleges and incorporates by reference paragraphs 1 through 20 of Count I of this First Amended Complaint as paragraphs 1 through 20 of Count IV of this First Amended Complaint, as if fully set forth herein.

21. At all relevant times, it was the duty of the defendants TOM DART, as the Sheriff of Cook County, to refrain, by and through the actions and omissions of his agents, servants, employees and officers from reckless conduct and from exhibiting a conscious disregard for the safety of others, including the Plaintiff's decedent Montrell Moss.

22. At the time and place he shot Montrell Moss, Defendant EDGAR SINGLETON, JR., by his subsequent sworn statements, was acting in accord with (a) his experience as an sworn Officer of the Sheriff of Cook County; (b) his training by the Sheriff of Cook County; (c) the policies and procedures of the Sheriff of Cook County; and, (d) the authority vested in him by the Sheriff of Cook County.

23. At the time and place he shot Montrell Moss, Defendant EDGAR SINGLETON, JR., by his subsequent sworn statements, was acting as an officer uniformed and armed by the Sheriff of Cook County, so as to protect himself and the public-at-large from perceived threats posed by Montrell Moss and/or Shimeka Robinson.

24. At the time and place he exchanged words with Montrell Moss concerning the manner in which Montrell Moss was driving his vehicle and subsequently when he shot Montrell Moss, Defendant EDGAR SINGLETON, JR., by his subsequent sworn statements, was acting to enforce the rule of law as an officer uniformed and armed by the Sheriff of Cook County.

25. Notwithstanding the aforesaid duty, Defendant TOM DART, as Sheriff of Cook

County, by and through his agent, servant, employee and officer Edgar Singleton, Jr., committed one or more of the following willful and wanton acts and/or omissions:

 (a) Used deadly force against Montrell Moss under circumstances in which Montrell Moss presented no threat of death to the police/corrections officer or any other individual;

 (b) Used deadly force against Montrell Moss under circumstances in which Montrell Moss presented no threat of serious harm to the police/corrections officer or any other individual;

 (c) Discharged a Sheriff-issued firearm at Montrell Moss under circumstances in which Montrell Moss presented no threat of death to the police/correction officer or any other individual;

 (d) Discharged a Sheriff-issued firearm at Montrell Moss under circumstances in which Montrell Moss presented no threat of serious harm to the police/corrections officer or any other individual;

 (e) Fired a Sheriff-issued weapon recklessly or intentionally discharged a Sheriff-issued firearm at Montrell Moss knowing that it would cause Montrell Moss's death or serious bodily harm without any justification for such use of deadly force;

 (f) Failed to properly train and instruct its agents, servants and employees in the proper use of force;

 (g) Failed to properly train and instruct its agents, servants and employees in the proper storage, handling and safe-guarding of their Sheriff-issued firearm;

 (h) Failed to remove an employee from service/employment and/or restrict his access to his Sheriff-issued firearm when it knew or should have known of certain reckless or dangerous propensities;

 (i) Failed to properly remove an employee from service/employment and/or restrict his access to his Sheriff-issued firearm when it knew or should have known failure to do so might result in harm to the public.

 (j) Failed to properly train an employee regarding limits of his jurisdiction as an officer enforcing the peace and protecting the public.

 26. As a direct and proximate result of one or more of the following aforementioned

acts and/or omissions by said Defendants as alleged, the Plaintiff's decedent Montrell Moss died.

27. Montrell Moss is survived by his mother Adrienne Moss, his sister Shanae Moss, his half-sister Brianna Moss, his half-brother Rashaad Essex (a minor, DOB: 06/28/99). On information and belief, Montrell Moss is also survived by his birth father Dexter Yarbough, but said individual has had no contact with the Moss family for over ten years and his current whereabouts are unknown.

28. As a direct and proximate cause of the death of Montrell Moss, his mother and siblings have suffered substantial grief, great losses of personal and pecuniary nature and have been deprived of the society, companionship, friendship, comfort, guidance, love and affection of a daughter and brother.

29. The plaintiff ADRIENNE MOSS, as Administrator of the Estate of Montrell Moss, deceased, brings this action pursuant to 740 ILCS 180/1, et seq., commonly known as the Wrongful Death Act of the State of Illinois. In the alternative, plaintiff brings this action under the Indiana Wrongful Death Act, Indiana Code 34-23-1-1 and/or the Indiana adult wrongful death statute, Indiana Code 34-23-1-2.

WHEREFORE, the plaintiff ADRIENNE MOSS, as Administrator of the Estate of Montrell Moss, deceased, by and through her counsel, demands judgment against the defendant TOM DART, as Sheriff of Cook County, in an amount in excess of the District Court of the Northern District of Illinois, Eastern Division, plus costs.

### COUNT V – SURVIVAL ACTION AGAINST TOM DART, as Sheriff of Cook County

1. - 25. Plaintiff MOSS re-alleges and incorporates by reference paragraphs 1 through 25 of Count IV of this First Amended as paragraphs 1 through 25 of Count V of this First Amended

Complaint, as if fully set forth herein.

26. As a further direct and proximate result of one or more of the following aforementioned acts and/or omissions by the Defendant TOM DART, as Sheriff of Cook County, Plaintiff's decedent Montrell Moss suffered great conscious pain suffering prior to dying from the gunshot wounds caused by Defendant, subjecting said defendant to liability for said damages pursuant to the Illinois Survival Act, 755 ILCS 5/27-6. In the alternative, said defendant is subjected to liability under the Indiana Survival Act, Indiana Code 34-9-3-1 et. seq.

WHEREFORE, the plaintiffs ADRIENNE MOSS, as Administrator of the Estate of Montrell Moss, deceased, by and through counsel, demands judgment against the defendant EDGAR SINGLETON, JR., in an amount in excess of the jurisdiction of the District Court of the Northern District of Illinois, Eastern Division, plus costs.

## **COUNT VI– NEGLIGENCE AGAINST TOM DART, as Sheriff of Cook County**

1. - 25. Plaintiff SHIMEKA ROBINSON re-alleges and incorporates by reference paragraphs 1 through 25 of Count IV of this First Amended Complaint as paragraphs 1 through 25 of Count VII of this First Amended Complaint, as if fully set forth herein.

26. As a further direct and proximate result of one or more of the following aforementioned acts and/or omissions by the Defendant TOM DART, as Sheriff of Cook County, the Plaintiff ROBINSON was placed within the zone of danger created and did then and thereafter sustain a significant impact and significant emotional distress and personal injury as a result.

WHEREFORE, the plaintiff SHIMEKA ROBINSON, by and through her counsel, demands judgment against the defendant TOM DART, as Sheriff of Cook County, in an amount

in excess of the District Court of the Northern District of Illinois, Eastern Division, plus costs

### COUNT VII – 42 U.S.C. SECTION 1983, EXCESSIVE FORCE CLAIM - ESTATE OF MONTRELL MOSS AGAINST DEFENDANTS EDGAR SINGLETON, JR. and TOM DART, as Sheriff of Cook County

1. - 29.   Plaintiff MOSS re-alleges and incorporates by reference paragraphs 1 through 29 of Count I of this First Amended Complaint as paragraphs 1 through 29 of Count VI of this First Amended Complaint, as if fully set forth herein.

30. - 59.   Plaintiff MOSS re-alleges and incorporates by reference paragraphs 1 through 29 of Count IV of this First Amended Complaint as paragraphs 30 through 59 of Count VI of this First Amended Complaint, as if fully set forth herein.

60.   As described above, the conduct of defendant EDGAR SINGLETON, JR. and of TOM DART, as Sheriff of Cook County, constituted unjustified and excessive force in violation of the Fourth and Fourteenth Amendments of the United States Constitution as to plaintiff MOSS and/or her decedent.

WHEREFORE, the plaintiff ADRIENNE MOSS, as Administrator of the Estate of Montrell Moss, deceased, by and through her counsel, demands judgment against the defendant EDGAR SINGLETON, JR., awarding applicable damages for loss of life, conscious pain and suffering, emotional distress, additional available compensatory damages, reasonable attorneys' fees and costs, in an amount in excess of the jurisdiction of the District Court of the Northern District of Illinois, Eastern Division.

### COUNT VII – 42 U.S.C. SECTION 1983, EXCESSIVE FORCE CLAIM - ESTATE OF SHIMEKA ROBINSON AGAINST DEFENDANTS EDGAR SINGLETON, JR. and TOM DART, as Sheriff of Cook County

1. - 17.   Plaintiff SHIMEKA ROBINSON re-alleges and incorporates by reference

paragraphs 2 through 19 of Count I of this First Amended Complaint as paragraphs 1 through 17 of Count VII of this First Amended Complaint, as if fully set forth herein.

18. - 47.     Plaintiff SHIMEKA ROBINSON re-alleges and incorporates by reference paragraphs 1 through 29 of Count IV of this First Amended Complaint as paragraphs 18 through 47 of Count VII of this First Amended Complaint, as if fully set forth herein.

48.     As described above, the conduct of defendant EDGAR SINGLETON, JR. and of TOM DART, as Sheriff of Cook County, constituted unjustified and excessive force in violation of the Fourth and Fourteenth Amendments of the United States Constitution as to plaintiff ROBINSON

WHEREFORE, plaintiff SHIMEKA ROBINSON demands judgment against the Defendants, EDGAR SINGLETON, JR. and Tom Dart, as Sheriff of Cook County, awarding damages for impact, emotional distress, and personal injury, additional available compensatory damages, reasonable attorneys fees and costs, in an amount in excess of the jurisdictional limit of the District Court of the Northern District of Illinois, Eastern Division, plus costs.

## COUNT XII – INDEMNIFICATION – BOTH PLAINTIFFS

1. - 29.  Plaintiffs MOSS and ROBINSON, individually as to their own respective claims, re-allege and incorporate by reference paragraphs 1 through 29 of Count IV of this First Amended Complaint and paragraph 26 of Count VII, as paragraphs 1 through 30 of Count XII of this First Amended Complaint, as if fully set forth herein.

30.     Illinois law, specifically 74 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities, including under color of law.   Defendant

EDGAR SINGLETON, JR. was an employee of the Cook County Sheriff's Office acting within the authority of his employer TOM DART, as Sheriff of Cook County, and under color of law in committing the misconduct described herein, as to both Plaintiffs.

32. Pursuant to the provisions of Illinois law, including but not limited to 745 ILCS 10/9-102 in conjunction with 55 ILCS 5/4-6003 ad 5-1106, Defendant COUNTY OF COOK is required to pay sums due by judgment against Defendant TOM DART, as Sheriff of Cook County, and his officers/employees in this matter.

WHEREFORE, the plaintiffs ADRIENNE MOSS, as Administrator of the Estate of Montrell Moss, deceased, and SHIMEKA ROBINSON, by and through their counsel, demand judgment against Defendant COUNTY OF COOK providing that Defendant COUNTY OF COOK is responsible to indemnify Defendants EDGAR SINGLETON, JR. and TOM DART, as Sheriff of Cook County for any sums due as a result of settlement of his matter and/or compensatory damages, attorneys fees and costs awarded to said individual plaintiffs as alleged in the various Counts of this First Amended Complaint.

            Respectfully submitted,

            /s/ JONATHAN P. REMIJAS
            Counsel for Plaintiffs

**Counsel for Plaintiffs:**

| | |
|---|---|
| JONATHAN P. REMIJAS | KEVIN SMITH |
| 1 S. Dearborn, Suite 2120 | Smith Sersic, PC |
| Chicago, IL 60603 | 9301 Calumet Blvd, Suite 1F |
| (312) 726-5250 | Munster, IN 46321 |
| Atty Code: 32948 | Tel: (219) 513-9543 |
| | Atty Code: 32549 |

## **JURY DEMAND**

Plaintiff demands trial by jury on all Counts herein that may be tried by a jury.

BY: /s/ Jonathan P. Remijas
Counsel for Plaintiff

**Counsel for Plaintiffs:**

| | |
|---|---|
| JONATHAN P. REMIJAS | KEVIN SMITH |
| 1 S. Dearborn, Suite 2120 | Smith Sersic, PC |
| Chicago, IL 60603 | 9301 Calumet Blvd, Suite 1F |
| (312) 726-5250 | Munster, IN 46321 |
| Atty Code: 32948 | Tel: (219) 513-9543 |
| | Atty Code: 32549 |

**CERTIFICATE OF SERVICE**

      I, Jonathan P. Remijas, certify that I served a copy of the First Amended Complaint at Law to be sent to the counsel listed below, via ECF/CM on July 10, 2015:
jrock@rockfuscoconnelly.com; michael.pasquinelli@cookcountyil.gov

                                      BY:   /s/ Jonathan P. Remijas
                                                      Counsel for Plaintiff